UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MICHAEL SHANE POWELL, ) | |
| ) | |
| v. ) | 1:10-cv-181 |
| ) | *Chief Judge Curtis L. Collier* |
| JIM MORROW, WARDEN ) | |

**MEMORANDUM**

Petitioner Michael Shane Powell ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Court File No. 2). Petitioner is a prisoner confined at Southeastern Tennessee State Regional Correctional Facility ("STSRCF") in Pikeville, Tennessee.

Before the Court is Petitioner's petition for a writ of habeas corpus (Court File No. 2), and his response to the Court's Show Cause Order explaining why his petition should not be dismissed as untimely (Court File No. 5). Although Petitioner entitled his response as a motion, it is actually a response to the Court's Show Cause Order; thus, the Clerk will be **DIRECTED** to term it (Court File No. 5).

After considering the filings of Petitioner and the applicable law, the Court will **DISMISS** Petitioner's § 2254 petition as time-barred (Court File No. 2).

**I.    Statute of Limitations**

State prisoners seeking relief under 28 U.S.C. § 2254 must also satisfy specific, and precise procedural standards. Among these procedural prerequisites is a requirement that petitioners timely file motions seeking habeas corpus relief. The Antiterroism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 established a one-year statute of limitations for the filing of habeas petitions by state prisoners.

For the reasons explained below, Petitioner's habeas petition will be dismissed as it is barred

by the applicable one-year statute of limitation set forth in AEDPA and Petitioner has not proven any valid reason to apply equitable tolling of the federal habeas statute of limitation.

### A. Procedural History

Petitioner was convicted by a jury of first degree felony murder and aggravated child abuse on October 22, 2000. His sentence and conviction were affirmed on July 9, 2002, and the Tennessee Supreme Court denied his application for permission to appeal on December 9, 2002. *State v. Powell*, No. E2001-01544-CCA-R3-CD, 2002 WL 1465922 (Tenn. Crim. App. July 9, 2002) *(perm. app. denied* December 9, 2002).

Petitioner filed a state post-conviction petition which was dismissed by the trial court and affirmed by the appellate court on December 22, 2008. *Powell v. State*, No. E2007-01586-CCA-R3-PC, 2008 WL 5330460 (Tenn. Crim. App., Dec. 22, 2008) (*perm. app. denied*, June 15, 2009). The instant habeas petition was filed on June 30, 2010, the date the prison mailroom received the envelope for mailing. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988) (A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing.); *See* Rule 4(c) Fed. R. App. P.

### B. Petitioner's Argument for Tolling the Statute of Limitations

Although confusingly pled, the Court discerns Petitioner contends the one year statute of limitation should be equitably tolled for two reasons: (1) legal aid did not assist him in filing his petition and (2) due to some unidentified mental illness, he was unaware of the one-year statute of limitations for filing a federal habeas petition (Court File No. 5). For the reasons explained below, neither of Petitioner's excuses for filing an untimely habeas petition entitles him to equitable tolling.

### C. Timeliness of the § 2254 Petition

AEDPA, codified in 28 U.S.C. §§ 2241, et seq., amended the federal habeas corpus statutes, and added a one-year statute of limitation to govern the filing of an application for a federal writ of habeas corpus. The statute of limitation begins to run from the date the petitioner's state judgment of conviction becomes final, or the occurrence of one of three other circumstances, none of which Petitioner is arguing is relevant here. See 28 U.S.C. § 2244(d)(1).

In this case, Petitioner's conviction became final on March 10, 2003, upon the lapse of the ninety-day period for filing a petition for certiorari in the Supreme Court seeking review of his direct appeal. *See Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000) (under § 2244(d)(1)(A), the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired).

According to Petitioner, he filed a timely state post-conviction petition on December 8, 2003, after two hundred and seventy-two days had run on the habeas one-year statute of limitations. Under § 2244(d)(2), a properly filed state-court petition must be pending in order to toll the limitations period. The tolling provision of § 2244(d)(2) serves only to pause the clock that has not fully run. *See Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir.. 2001) (state post-conviction petition merely tolls rather than resets habeas statute of limitations), *cert. denied*, 534 U.S. 1135 (2002). Therefore, the time in which the state post-conviction petition was pending tolled the federal habeas one-year statute of limitation which recommenced running when the state post-conviction petition was no longer pending, i.e., the date the Tennessee Supreme Court denied Petitioner permission to appeal,

which in this case was June 15, 2009.[1] Thus, the one year statute of limitation for filing the § 2254 petition would have resumed on June 16, 2009 (the day after the Tennessee Supreme Court denied Petitioner permission to appeal), and would have expired on September 16, 2009–ninety-three days later.[2] The expiration of the federal habeas one-year statute of limitation for filing a habeas petition on September 16, 2009, renders Petitioner's June 30, 2010, habeas petition untimely by slightly more than nine months.

Petitioner does not argue that his habeas petition was timely filed, but rather, contends the statute of limitation should be equitably tolled because legal aid did not assist him in filing his petition and, due to some unidentified mental illness, he was unaware of the one-year statute of limitations (Court File No. 5). For the reasons explained below, tolling principles are not applicable to Petitioner's circumstances.

**D.     Analysis**

Although Petitioner contends equitable tolling is appropriate in his case, he has failed to present extraordinary circumstances requiring the application of the equitable tolling doctrine.

*1.     Equitable Tolling*

Under certain circumstances, equitable tolling is applicable to excuse a petitioner's untimely filing of his federal habeas petition. Generally, to be entitled to equitable tolling, a petitioner must

---

[1] The 90-day period for seeking certiorari in the United States Supreme Court following state post-conviction review does not toll the statute of limitations. *Pinchon v. Myers*, 615 F.3d 631, 641 (6th Cir. 2010), (citing *Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

[2] Subtracting the two hundred and seventy-two days that lapsed between the time his state conviction became final and the time he filed his state post-conviction petition from three hundred and sixty five days–the number of days in a year–leaves a remainder of ninety-three days in the one-year statute of limitation period for filing a federal habeas petition.

4

demonstrate he has been diligently pursuing his rights and that some extraordinary circumstance prevented him from timely filing his federal habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). As explained below, Petitioner has failed to describe what efforts he made to diligently pursue his rights and present any credible factual evidence of some extraordinary circumstance that prevented him from timely filing his federal habeas petition.

*a.     Denial of Adequate Legal Materials*

Petitioner, claims ignorance of the law, presumably because legal aid did not assist him in filing his petition and due to his alleged mental condition, excuses his tardy filing of his federal habeas petition. Turning first, to the claim his tardiness is due to the lack of legal assistance, Petitioner has failed to sufficiently plead and show this alleged impediment warrants equitable tolling, as ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not warrant equitable tolling. *See Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991) ("It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling.") (citations omitted); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.) (holding *pro se* prisoner did not present rare and exceptional circumstances when he was ignorant of the law and filing deadline due to inadequate prison library) *cert. denied*, 531 U.S. 1035 (2000); *Scott v.* Johnson, 227 F.3d 260, 263 n. 3 (5th Cir. 2000) (observing that an inadequate law library does not constitute a "rare and exceptional" circumstance warranting equitable tolling); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

Consequently, the insufficiency of legal assistance does not present a rare and exceptional circumstance warranting equitable tolling of the limitations period. *See Felder v. Johnson,* 204 F.3d

at 171; *see also Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (holding that prison lockdown and misplaced legal papers did not present extraordinary circumstance as would warrant equitable tolling of the habeas petition statute of limitations). Therefore, Petitioner's lack of legal assistance and ignorance of the statutes of limitations is insufficient to warrant tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); *Jones v. United States,* 304 F.3d 1035, 1044 (11th Cir. 2002) (citing *Irwin v. Department of Veterans* Affairs, 498 U. S. 89, 96 (1990) (holding that ignorance of law is insufficient basis for granting equitable tolling), *cert. denied*, 538 U.S. 947 (2003); *Miller v. Marr*, 141 F.3d at 978 (equitable tolling not warranted to prisoner claiming he lacked access to federal statutes and case law, and only learned of AEDPA's time limitations sometime after April 29, 1997), *cert. denied*, 525 U.S. 891 (1998). Regardless of the quality of the library or legal assistance available, equitable tolling is inapplicable as "ignorance of the law alone is not sufficient to warrant equitable tolling. *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004) (citations and internal quotations omitted), *cert. denied*, 543 U.S. 865 (2004). There is nothing in the record to indicate it was reasonable for Petitioner to remain ignorant of the legal requirement for filing his claim.

Accordingly, Petitioner's lack of assistance from legal aid or his lack of awareness of the one-year statute of limitation in which he could file a federal habeas petition, does not constitute an extraordinary circumstance entitling him to equitable tolling. Likewise, as explained below, Petitioner is not entitled to equitable tolling on the basis of his claim that some unidentified mental illness prevented him from timely filing a federal habeas petition.

### b. Mentally Incapacitated

Petitioner contends as a result of some type of mental illness, which he has failed to identify or describe, he was unaware of the one-year statute of limitation for filing a federal habeas petition or the alleged illness prevented him from timely filing a habeas petition. Although the Court gave the Petitioner an opportunity to explain why his habeas petition should not be dismissed as time-barred, he failed to submit any evidence or factual support of his alleged mental illness. As explained below, this factually baseless allegation does not demonstrate Petitioner was incompetent to warrant the equitable tolling of the statute of limitations.

Mental incapacity of a petitioner can toll a statute of limitations only if it actually prevents a petitioner from pursuing his legal rights during the limitations period. *McSwain v. Davis*, 287 Fed. Appx. 450, 456 (6th Cir. July 15, 2008), *available at* 2008 WL 2744640 (recognizing the mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations), *cert. denied*, 129 S. Ct. 2824 (2009); *Dunn v. Morgan*, No. 3:04CV 232, 2005 WL 1397028, *2 (E.D. Tenn. June 13, 2005) (citations omitted). The petitioner must make a threshold showing of incompetence, *see Calderon v. United States Dist. Court for Cent. Dist. of Cal.,* 163 F.3d 530, 541 (9th Cir. 1998), *cert. denied*, 526 U.S. 1060 (1999), and demonstrate the alleged incompetence affected his ability to file a timely habeas petition. *Nara v. Frank*, 264 F.3d 310, 320 (3rd Cir. 2001) ("[T]he alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition.").

The record does not contain any evidence to support Petitioner's assertion he suffers from a mental illness or any evidence of a causal connection between Petitioner's alleged mental illness and his ability to file a timely federal habeas petition. *See McSwain v. Davis*, 287 Fed. Appx. at

456, (holding that the incapacity of the petitioner can warrant the equitable tolling of the statute of limitations where the petition makes a threshold showing of incompetence and demonstrates that the incompetence affected her ability to file a timely habeas petition). Petitioner has not submitted any medical records or an affidavit from his treating physician in support of his claim of mental illness. There is no allegation or evidence of any medically diagnosed psychotic disorder, any adjudication of incompetency or incapacity, or any inability to function within the general prison population, maintain prison employment, or manage his personal affairs. Indeed, other than Petitioner's factually unsupported claim he suffers from a mental illness, there is nothing in the record demonstrating Petitioner suffers from a mental illness. Without such information, Petitioner cannot show he lacked the mental capacity to pursue his legal rights during the relevant time period.

Petitioner's factually unsupported allegations of mental incapacity are belied by his ability to pursue–as a *pro se* litigant– his *pro se* federal habeas petition. Petitioner has not demonstrated that, during the applicable time period, he was so incapable of rational thought he could not appreciate his legal situation or ascertain that he must take steps to protect his rights. Petitioner's factually unsupported assertion of incapacitation is insufficient to justify equitable tolling. *See Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (Finding that Lawrence made no factual showing of mental incapacity, the Court concluded he did not show extraordinary circumstances necessary to support equitable tolling).

Turning to the due diligence factor, Petitioner waited almost nine months after his conviction became final before filing a state post-conviction petition, and he waited more than a year after his state post-conviction petition was denied before filing this habeas petition. Thus, his federal habeas petition was filed more than nine months after the habeas statute of limitations expired. Petitioner

has not provided any evidence from which the Court can infer he diligently pursued his remedies or that his alleged mental illness prevented him from doing so. Therefore, the diligence factor does not weigh in Petitioner's favor.

Accordingly, equitable tolling on the basis of Petitioner's factually unsupported alleged mental incapacitation is inappropriate and does not save him from the statute of limitations bar.

## II. Conclusion

Equitable tolling cannot be applied in this case as Petitioner's alleged incapacity, inadequate legal knowledge, nor lack of legal assistance warrants equitable tolling in this case. For the reasons discussed above, Petitioner's § 2254 habeas petition will be **DISMISSED WITH PREJUDICE** (Court File No. 2).

An appropriate judgment order will enter.

ENTER:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**